**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4597**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JUVENILE MALE #3,

        Defendant  - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:06-cr-00065-F-3)

Submitted:  June 10, 2010        Decided:  June 28, 2010

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juvenile Male #3 appeals the district court's judgment revoking his juvenile delinquent supervision and sentencing him to twenty-four months in prison. Appellant argues that his sentence is plainly unreasonable because the district court allegedly failed to acknowledge his attorney's arguments in mitigation at sentencing. Finding no error, we affirm the district court's judgment.

This court will affirm a sentence imposed after revocation of a juvenile delinquent supervision period if it is within the prescribed statutory range and not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citation omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). For instance, the district court commits procedural error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts.

2

*Gall v. United States*, 552 U.S. 38, 51 (2007). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks and citation omitted). The district court also must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009).

Although we generally review preserved sentencing errors for an abuse of discretion, reversing only if an error is not harmless, this court will review a procedural sentencing error raised for the first time on appeal for plain error. *See United States v. Lynn*, 592 F.3d 572, 575-79 (4th Cir. 2010). We find that the district court did not commit error, plain or otherwise, when it imposed Appellant's twenty-four-month sentence.

Contrary to Appellant's assertion, we find that the district court said enough to indicate that it rejected the bulk of counsel's argument in light of Appellant's "egregious conduct while on supervision[.]" In fact, one of defense counsel's concerns at sentencing was that Appellant was unable to receive drug treatment when he was originally sentenced. The district

court responded to this concern when it explicitly mentioned Appellant's need for intensive substance abuse treatment as a reason for imposing the twenty-four-month sentence. Although, admittedly, the "district court in this case might have said more," given the deference this court affords revocation cases and "the context of this case[,]" we are satisfied that the district court considered Appellant's arguments and had a reasoned basis for imposing the twenty-four-month sentence. See United States v. Hernandez, 603 F.3d 267, 269, 271-72 (4th Cir. 2010); cf. Thompson, 595 F.3d at 546-47 (finding that district court procedurally erred in sentencing defendant in supervised release revocation case where the court merely indicated what the defendant's term of imprisonment would be, provided no other explanation for the sentence imposed, and did not respond to counsel's argument in mitigation).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED